IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| ALLEN GALLAWAY, NOEL LUCERO, SHERRI SCHWANZ and KIMBERLY HOWARD, | ) ) ) | |
|---|---|---|
| | ) | Case No: |
| Plaintiffs, | ) | |
| | ) | JURY TRIAL DEMANDED |
| V | ) | |
| | ) | |
| BNSF RAILWAY COMPANY, MS CONTRACTING, LLC, MICHAEL SATTMAN, NATIONAL RAILROAD PASSENGER CORPORATION, D/B/A AMTRAK, | ) ) ) ) ) | Removed from the Circuit Court of Chariton County, Missouri (Case No: 22CH-CC00018) |
| | ) | |
| Defendants. | ) | |

**DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION D/B/A AMTRAK'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant National Railroad Passenger Corporation d/b/a Amtrak ("Amtrak") hereby gives notice of its removal of this action from the Circuit Court of Chariton County, Missouri to the United States District Court for the Eastern District of Missouri. Removal is proper because this Court has subject matter jurisdiction over the action, and because this federal judicial district is the district encompassing the place in which the state court litigation is pending. In support of removal, Defendants state as follows:

1. On or about July 1, 2022, Plaintiffs commenced this action by filing a petition in the Circuit Court of the Chariton County, Missouri, captioned *Petition* ("Petition"). A true and correct copy of the State Court Petition is attached as Exhibit A. In plaintiffs' Petition, Plaintiffs allege they were injured on June 27, 2022 when the Amtrak passenger train collided with a dump truck owned by defendant MS Contracting, LLC.

1

2. This Notice of Removal is being filed with this Court within thirty (30) days from the earliest date when the defendant had notice of and was in receipt of the complaint. Defendant National Railroad Passenger Corporation had notice of the Petition on May 14, 2020 when it was first served upon Defendant.

3. Pursuant to 28 U.S.C. § 1331, the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States. Pursuant to § 1349, the district courts "shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, *unless the United States is the owner of more than one-half of its capital stock.*" (Emphasis Added).

Said otherwise, the district courts shall original jurisdiction of civil actions against a corporation where the United States owns more than one-half of the capital stock. See, e.g. *Osborne v. Bank of the United States,* 22 U.S. (9 Wheat) 738 (1824) (since the Bank of the United States was created by an Act of Congress any suit to which the bank was a party was a suit arising out of the laws of the United States); *Pacific Railroad Removal Cases,* 115 U.S. (1885) (suits involving federally chartered corporations, even ones that were privately owned, created federal questions and were within the original jurisdiction of the district courts); *see also* 13B C. Wright. A. Miller, & E. Cooper, FEDERAL PRACTICE AND PROCEDURE, sec. 3571, at 176-178 (2nd Ed. 1984)("Thus there is federal jurisdiction without more of an action by or against a corporation if the United States owns more than half the capital stock of the corporation."(and cases cited therein).

4. Amtrak was created by an Act of Congress (45 U.S.C. § 501 *et seq.*), and was incorporated pursuant to 45 U.S.C. §§ 541 and 542, now codified under 49 U.S.C. §§ 24301, *et seq.* Additionally, the United States is the owner of more than one-half of Amtrak's capital stock.

5. Because the United States is the owner of more than one-half of Amtrak's capital stock, under the case law and authorities cited, this Court has original jurisdiction of this matter. *Adkins v. Illinois Central Railroad Co.,* 326 F.3d 828, 848 (7th Cir. 2003); *Estate of Wright v. Illinois Central Railroad,* 831 F. Supp. 574 (S.D. Miss. 1993) (National Railroad Passenger Corporation was subject to federal question jurisdiction under §§ 1331 and 1349). See also *In Re Rail Collision Near Chase, Maryland on January 4, 1987 Litigation,* 680 F.Supp. 728 (D. Md. 1987).

6. This cause does not arise under the worker's compensation laws of any state and is not brought under 45 U.S.C. §§ 51-60 or 49 U.S.C. § 11707 against a common carrier, railroad or their receivers of trustees. Therefore, this cause is removable to this Court pursuant to 28 U.S.C. § 1441(a).

7. Further, in accordance with 28 U.S.C.§ 1446(d), undersigned counsel has given written notice of the filing of this Notice of Removal to Plaintiffs through their counsel, Jerome J. Schlichter, Schlichter Bogard & Denton, LLP, 100 South Fourth St., Ste. 1200, St. Louis, MO 63102. In further compliance with §§ 1446(d) Defendant National Railroad Passenger Corporation will file with the clerk of the Circuit Court of Chariton County a copy of this Notice of Removal.

WHEREFORE, Defendant NATIONAL RAILROAD PASSENGER CORPORATION files this Notice of Removal so that the entire state court action under Court No. 22CH-CC00018, now pending in the Circuit Court of Chariton County, Missouri, be removed to this Court for all further proceedings.

Respectfully submitted,

      */s/ Sean P. Hamer*
Sean P. Hamer      MO # 48153
Kelly L. Murphy      MO # 75573
Scott R. Ast      MO # 45870
Paula Brown      MO # 51699
SCHARNHORST AST KENNARD GRIFFIN, P.C.
1100 Walnut, Suite 1950
Kansas City, Missouri 64106
Telephone: (816) 268-9400
Facsimile: (816) 268-9409
Email: shamer@sakg.com
      kmurphy@sakg.com
      pbrown@sakg.com
      sast@sakg.com
*Attorneys for Amtrak*