



# Your Missouri Courts

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print

GrantedPublicAccess    Logoff SEANPHAMER

## 22CH-CC00018 - ALLEN GALLAWAY ET AL V BNSF RAILWAY COMPANY ET AL (E-CASE)

| FV | File Header | Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Click here to eFile on Case**
**Click here to Respond to Selected Documents**

Sort Date Entries: ⦿ Descending ◯ Ascending    Display Options: All Entries

---

**07/01/2022**  ☐ **Proposed Order Filed**
Proposed Order Appointing Special Process Servers.
**Filed By:** JEROME J SCHLICHTER
**On Behalf Of:** ALLEN GALLAWAY, NOEL LUCERO, SHERRI SCHWANZ, KIMBERLY HOWARD

☐ **Motion Special Process Server**
Motion to Appoint Special Process Servers.
**Filed By:** JEROME J SCHLICHTER

☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-86, for NATIONAL RAILROAD PASSENGER CORPORATION, D/B/A AMTRAK.

☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-85, for SATTMAN, MICHAEL.

☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-84, for MS CONTRACTING, LLC.

☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-83, for BNSF RAILWAY COMPANY.

☐ **Filing Info Sheet eFiling**
**Filed By:** JEROME J SCHLICHTER

☐ **Pet Filed in Circuit Ct**
Petition.
**Filed By:** JEROME J SCHLICHTER
**On Behalf Of:** ALLEN GALLAWAY, NOEL LUCERO, SHERRI SCHWANZ, KIMBERLY HOWARD

☐ **Judge Assigned**

---

Case.net Version 5.14.52    Return to Top of Page    Released 06/08/2022

EXHIBIT

A

**22CH-CC00018**

Electronically Filed - Chariton - July 01, 2022 - 12:29 PM

# IN THE CIRCUIT COURT OF
# CHARITON COUNTY, MISSOURI

| | |
|---|---|
| ALLEN GALLAWAY,<br>NOEL LUCERO,<br>SHERRI SCHWANZ, and<br>KIMBERLY HOWARD | ) )<br>) )<br>) )<br>) ) |
| Plaintiffs, | ) ) |
| | ) ) Cause No:_____ |
| v. | ) ) |
| | ) ) |
| BNSF RAILWAY COMPANY,<br>**Serve at:**<br>    **Jeffery Laney**<br>    **2135 E. Sunshine St., Ste 203**<br>    **Springfield, MO 65804** | ) )<br>) )<br>) )<br>) )<br>) ) |
| and | ) ) |
| | ) ) |
| MS CONTRACTING, LLC,<br>**Serve at:**<br>    **MS Contracting, LLC**<br>    **C/o Michael E. Sattman**<br>    **25851 Hwy M**<br>    **Brookfield, MO 64628** | ) )<br>) )<br>) )<br>) ) **TRIAL BY JURY REQUESTED**<br>) )<br>) )<br>) ) |
| and | ) ) |
| | ) ) |
| MICHAEL SATTMAN,<br>**Serve at:**<br>    **25851 Hwy M**<br>    **Brookfield, MO 64628** | ) )<br>) )<br>) )<br>) ) |
| and | ) ) |
| | ) ) |
| NATIONAL RAILROAD PASSENGER<br>CORPORATION, D/B/A AMTRAK,<br>**Serve at:**<br>    **CT Corporation**<br>    **1015 15th Street NW**<br>    **Suite 1000**<br>    **Washington, DC 20005** | ) )<br>) )<br>) )<br>) )<br>) )<br>) )<br>) ) |
| Defendants. | ) ) |

Electronically Filed - Chariton - July 01, 2022 - 12:29 PM

## PETITION

Plaintiffs Allen Gallaway, Noel Lucero, Sherri Schwanz, and Kimberly Howard (together, "Plaintiffs"), by and through counsel, Schlichter, Bogard & Denton, LLP, state as follows for their Petition against Defendants BNSF Railway Company ("BNSF"), MS Contracting, LLC, Brian Sattman, and National Railroad Passenger Corporation, d/b/a Amtrak ("AMTRAK") (collectively, "Defendants"):

## Parties, Jurisdiction, and Venue

1.      Plaintiffs Allen Gallaway, Noel Lucero, Sherri Schwanz, and Kimberly Howard have at all times relevant hereto been residents of the State of Kansas.

2.      At all relevant times, BNSF Railway Company has been a common carrier by railroad engaged in interstate commerce and owns, controls, and operates a freight railroad running into and through Chariton County, Missouri, and has its principal place of business in Texas.

3.      At all relevant times, Defendant MS Contracting, LLC ("MS Contracting") was and is a transportation carrier organized and existing under the laws of the State of Missouri and is authorized and does do business in the State of Missouri, including Chariton County, and has its principal place of business in Missouri. The subject incident and negligent acts of MS Contracting, occurred in Chariton County, Missouri, in this District.

4.      At all relevant times, Defendant Michael Sattman was and is a resident of the state of Missouri, the principal owner and shareholder of MS Contracting, LLC, the Chief Operating Officer, and the person responsible for the training of drivers of MS Contracting, LLC.

5.      At all relevant times, National Railroad Passenger Corporation, d/b/a Amtrak, has been a common carrier by railroad engaged in interstate commerce and owns, controls, and

2

Electronically Filed - Chariton - July 01, 2022 - 12:29 PM

operates a passenger railroad running into and through Chariton County, Missouri, and has its

principal place of business in the District of Columbia.

6.      Venue is proper in this Court pursuant to R.S.Mo. 508.010.4 because the alleged

acts and omissions of Defendants and Plaintiffs' injuries occurred in Chariton County, Missouri.

## Factual Background

7.      This action arises from a catastrophic railroad crossing collision and train

derailment that occurred on June 27, 2022, in Chariton County in or near Mendon, Missouri on

BNSF Railway Company's tracks at or near a grade road crossing located at County Road 113

(also known as Porche Prairie Avenue) (the "subject crossing").

8.      The subject crossing consists of a public road, Porche Prairie Avenue/County

Road 113, which intersects two parallel main line railroad tracks, over which trains operate at

high speeds up to 90 mph in both directions.

9.      BNSF constructed, owned, operated, and was responsible for maintaining the

subject crossing, signals, and railroad tracks.

10.     The public road and tracks at the subject crossing intersected at a severe angle,

obstructing the sightline for motorists on the lookout for oncoming trains, which problem was

compounded by a steep vertical approach on both sides of the tracks and vegetation that further

impeded visibility. Additionally, the surfaces of the roadways at the crossing were narrow, had

significant drop-offs on either side, and were rough, poorly maintained and covered with gravel.

These conditions, which had existed for years, were a further distraction for motorists and made

traversing the crossing while simultaneously keeping a lookout for trains difficult.

11.     Despite the safety deficiencies of the subject crossing, BNSF did not have active

warning devices such as bells, gates, or lights to warn motorists that a train was imminently

Electronically Filed - Chariton - July 01, 2022 - 12:29 PM

approaching. Instead, the crossing had only crossbucks—i.e., unilluminated signs—indicating that railroad tracks were nearby, which provide no indication to motorists when a train is actually coming down the tracks, as opposed to gates and/or flashing lights which provide approximately 30 seconds of advanced warning that a train is imminently approaching the crossing and prevents intrusion onto the tracks when such would be hazardous.

12.     Moreover, BNSF did not regularly maintain the crossing as required, and allowed loose gravel to accumulate, thereby slowing down vehicles which approached and crossed the tracks.

13.     On or about June 27, 2022, at approximately 1 p.m., Plaintiffs were passengers aboard an Amtrak passenger train as it traveled eastbound through Chariton County on BNSF's railroad track.

14.     As the Amtrak train approached the subject crossing, a dump truck operated by an agent and employee of MS Contracting and Michael Sattman was traveling in a northbound direction and entered the crossing.

15.     At that time, the dump truck was loaded with concrete aggregate and being transported by Defendants' driver, in the scope of his employment, to a work site north of the subject crossing.

16.     The aforementioned Amtrak train was proceeding at a high rate of speed from west to east. Defendants' driver came across the tracks and did not remove the dump truck from the crossing.

17.     The train collided with the obstructing dump truck, causing the train to derail and flip onto its side before skidding to a stop.

Electronically Filed - Chariton - July 01, 2022 - 12:29 PM



*Figure 1*: Amtrak passenger train on Monday, June 27, 2022, after derailing near Mendon, Mo. Source: AP News



*Figure 2*: Passengers climb from the derailed Amtrak train on June 27, 2022. Source: AP News

18.     As a result of the collision, the Plaintiffs were violently thrown within the derailed

Amtrak train and sustained serious injuries.

19.     Before the subject derailment, safety complaints had been raised for years by

5

Electronically Filed - Chariton - July 01, 2022 - 12:29 PM

residents of the area regarding visual obstruction and the dangerous condition of the subject crossing, including complaints about poor maintenance, the steep grade of the roadways adjacent to the crossing, severe angle at which the tracks intersected the roadways, drop-offs on the sides of the roadway, excessive vegetation along the margins of the tracks, and high rate of speed of passing trains.

20.     One such resident was Mike Spencer, a longtime farmer in Mendon, Missouri, who raised safety complaints regarding the subject crossing and unsuccessfully advocated for changes at the crossing for years.

21.     Approximately two weeks before the derailment, Mr. Spencer posted a video of the subject crossing to his Facebook account, writing "We have to cross [the subject crossing] with farm equipment to get to several of our fields… We have been on the [railroad] for several years about fixing the approach by building the road up, putting in signals, signal lights or just cutting the brush back."

22.     Shortly after Mr. Spencer posted the video, his wife, Sheryl, commented, foreshadowing the tragedy that followed, "They are waiting till someone gets hit."

23.     In an interview with the Kansas City Star, Mr. Spencer indicated one concern "was that the approach on [the crossing] is very, very steep… You can't see over it… It's very treacherous… There's no way you can pull up there and stop and go on."

24.     Mr. Spencer and others in the Mendon community have been in discussion with the railroad [BNSF], a safety engineer from MoDOT, a county commissioner and a railroad engineer with the goal of improving safety at the crossing, but nothing has been done. "They were concerned, but not concerned enough to do anything," Spencer said.

25.     Another local farmer, Daryl Jacobs, told the Kansas City Star, "[The crossing]

Electronically Filed - Chariton - July 01, 2022 - 12:29 PM

needs arms on it or signals… It's so dang steep. I heard that [dump] truck just stalled out today going up it… And this dang brush along these railroad tracks all needs to be cleared back."

26.     Based on the long history of complaints, BNSF knew or should have known that the subject crossing posed an unreasonable danger to the public, particularly since passenger trains, trains hauling hazardous materials, and slow-moving farm equipment and industrial vehicles frequently traversed the crossing.

27.     In addition, while most of the trains passing the crossing are freight trains operating at speeds around 50 mph, there are two Amtrak trains daily, which operate at about 90 mph—almost twice the speed of freight trains. This reduces the time for observation of a train by an approaching driver almost in half.

28.     On July 1, 2021, the Missouri Department of Transportation (MoDOT) commissioners approved a Statewide Transportation Improvement Program ("STIP") budget, including $400,000 in funding to "[i]nstall lights and gates and roadway improvement at [the subject] public BNSF crossing 005284Y," entirely funded by federal and state tax dollars.

29.     In February 2022, the Missouri Department of Transportation (MoDOT) published its Missouri State Freight and Rail Plan, identifying necessary crossing safety improvements for the subject crossing to include the same "lights and gates and roadway improvements" previously identified in the STIP.

30.     Following MoDOT's approval of nearly $400,000 in funding to make the safety upgrades, these funds went unused and no upgrades were made.

31.     Despite the long history of complaints from residents and the State of Missouri's conclusions that safety improvements were needed at the subject crossing, BNSF implemented no changes, did not maintain the crossing, did not correct the loose gravel or pave the crossing,

Electronically Filed - Chariton - July 01, 2022 - 12:29 PM

and failed to ensure adequate sight line distances for approaching drivers, and continued moving more than 60 freight trains and high-speed passenger trains over the crossing, daily.

## COUNT I –NEGLIGENCE
### (Plaintiff Allen Gallaway v. Defendant BNSF Railway Company)

32.     Plaintiff realleges and incorporates by reference paragraphs 1-31 as if fully set forth herein.

33.     Plaintiff was a passenger of a train that entered and/or otherwise utilized the property of Defendant BNSF and BNSF therefore owed Plaintiff a duty of care. The collision and resulting injuries to Plaintiff Allen Gallaway were the direct result of one or more of the following acts of negligence by BNSF, both directly and vicariously through its agents and/or employees:

    a.     It failed to adequately construct, inspect and/or maintain the subject crossing, including the track, margins of the track, and the roadways intersecting and/or adjacent to the track, as required by R.S.Mo. § 389.610, constituting negligence per se;

    b.     it failed to adequately construct, inspect, and/or maintain the subject crossing in accordance with the requirements of Mo. Code Regs. title 7 § 265-8.130, including the crossing geometry requirements contained therein and line of sight angles, constituting negligence per se;

    c.     it failed to construct, inspect and/or maintain the subject crossing in accordance with industry standards set forth in the Manual on Uniform Traffic Control Devices for Streets and Highways and Part 8 of the American Railway Engineering and Maintenance of Way Association's Guidelines for the Design, Construction or Reconstruction of Highway-Railway At-Grade Crossings;

    d.     it failed to construct and maintain the subject crossing in accordance with its own internal rules, policies, procedures, and guidelines;

    e.     it failed to install and/or implement necessary crossing safety improvements, including "lights and gates and roadway improvements," identified for the subject crossing by MoDOT;

    f.     it unreasonably delayed in installing and/or implementing necessary

crossing safety improvements, including "lights and gates and roadway improvements," identified for the subject crossing in MoDOT's Missouri State Freight and Rail Plan (February 2022);

g.   it failed to adequately warn Amtrak, its crews and passengers, including Plaintiff of known safety hazards at the subject crossing, including from the recommendations for crossing safety improvements and safety complaints received in the weeks before the subject crossing collision;

h.   It failed to adequately warn motorists of obstructed sight lines, steep grade, and loose gravel at the subject crossing;

i.   it failed to issue a slow order at the subject crossing, even after receiving safety complaints and recommendations for necessary crossing safety improvements identified for the subject crossing in MoDOT's Missouri State Freight and Rail Plan (February 2022);

j.   it failed to install track sensing devices to warn train crews of vehicles and obstructions on crossings, as recommended by the NTSB;

k.   it failed to erect and maintain proper and adequate crossing protection and warning devices, including but not limited to advanced warning signs, at the subject crossing to warn motorists of an oncoming train;

l.   it failed to install and/or implement adequate warning devices at the subject crossing, including automatic gates and/or flight light signals, in accordance with the requirements of 49 C.F.R. § 646.214, constituting negligence per se;

m.   it violated 49 CFR § 213.37 and/or R.S.Mo. § 389.665 by failing to control vegetation and by the impaired vision alongside the tracks at or near the subject crossing, constituting negligence per se; and

n.   it maintained an unreasonably dangerous crossing, in light of a combination of known hazards including the high track speed limit, steep grade/incline of intersection roadways, loose gravel, angle of intersection, drop-offs on the sides of the roadways, and vegetation in the area; and

o.   it failed to properly maintain the crossing by allowing loose gravel to accumulate, thereby slowing approaching vehicles as they traveled through the crossing.

34.   As a direct result of one or more of the foregoing negligent acts or omissions,

Plaintiff Gallaway sustained injuries to his neck, head, and right arm; he has experienced and

Electronically Filed - Chariton - July 01, 2022 - 12:29 PM

will continue to experience physical pain and emotional distress; he has incurred medical expenses and is reasonably certain to incur medical expenses in the future; and he will lose wages and benefits; all to his damage.

WHEREFORE, Plaintiff Allen Gallaway requests judgment on Count I of this Petition against Defendant BNSF Railway Company, in a sum which is fair and reasonable in excess of Twenty-Five Thousand Dollars ($25,000), plus costs of suit and for such other and further relief as this Court deems just and proper under the circumstances.

### COUNT II –NEGLIGENCE
**(Plaintiff Noel Lucero v. Defendant BNSF Railway Company)**

35.     Plaintiff realleges and incorporates by reference paragraphs 1-31 as if fully set forth herein.

36.     Plaintiff was a passenger of a train that entered and/or otherwise utilized the property of Defendant BNSF and BNSF therefore owed Plaintiff a duty of care. The collision and resulting injuries to Plaintiff Noel Lucero were the direct result of one or more of the following acts of negligence by BNSF, both directly and vicariously through its agents and/or employees:

> a.     It failed to adequately construct, inspect and/or maintain the subject crossing, including the track, margins of the track, and the roadways intersecting and/or adjacent to the track, as required by R.S.Mo. § 389.610, constituting negligence per se;
>
> b.     it failed to adequately construct, inspect, and/or maintain the subject crossing in accordance with the requirements of Mo. Code Regs. title 7 § 265-8.130, including the crossing geometry requirements contained therein and line of sight angles, constituting negligence per se;
>
> c.     it failed to construct, inspect and/or maintain the subject crossing in accordance with industry standards set forth in the Manual on Uniform Traffic Control Devices for Streets and Highways and Part 8 of the American Railway Engineering and Maintenance of Way Association's Guidelines for the Design, Construction or Reconstruction of Highway-

10

Railway At-Grade Crossings;

d.     it failed to construct and maintain the subject crossing in accordance with its own internal rules, policies, procedures, and guidelines;

e.     it failed to install and/or implement necessary crossing safety improvements, including "lights and gates and roadway improvements," identified for the subject crossing in MoDOT's Missouri State Freight and Rail Plan (February 2022);

f.     it unreasonably delayed in installing and/or implementing necessary crossing safety improvements, including "lights and gates and roadway improvements," identified for the subject crossing in MoDOT's Missouri State Freight and Rail Plan (February 2022);

g.     it failed to adequately warn Amtrak, its crews and passengers, including Plaintiff of known safety hazards at the subject crossing, including from the recommendations for crossing safety improvements and safety complaints received in the weeks before the subject crossing collision;

h.     It failed to adequately warn motorists of obstructed sight lines, steep grade, and loose gravel at the subject crossing;

i.     it failed to issue a slow order at the subject crossing, even after receiving safety complaints and recommendations for necessary crossing safety improvements identified for the subject crossing in MoDOT's Missouri State Freight and Rail Plan (February 2022);

j.     it failed to install track sensing devices to warn train crews of vehicles and obstructions on crossings, as recommended by the NTSB;

k.     it failed to erect and maintain proper and adequate crossing protection and warning devices, including but not limited to advanced warning signs, at the subject crossing to warn motorists of an oncoming train;

l.     it failed to install and/or implement adequate warning devices at the subject crossing, including automatic gates and/or flight light signals, in accordance with the requirements of 49 C.F.R. § 646.214, constituting negligence per se;

m.     it violated 49 CFR § 213.37 and/or R.S.Mo. § 389.665 by failing to control vegetation and by the impaired vision alongside the tracks at or near the subject crossing, constituting negligence per se; and

n.     it maintained an unreasonably dangerous crossing, in light of a combination of known hazards including the high track speed limit, steep

11

Electronically Filed - Chariton - July 01, 2022 - 12:29 PM

grade/incline of intersection roadways, loose gravel, angle of intersection, drop-offs on the sides of the roadways, and vegetation in the area; and

o.     it failed to properly maintain the crossing by allowing loose gravel to accumulate, thereby slowing approaching vehicles as they traveled through the crossing.

37.     As a direct result of one or more of the foregoing negligent acts or omissions, Plaintiff Noel Lucero sustained injuries to her head, back, right hand, right leg, right arm, right hip, and torso; she has experienced and will continue to experience physical pain and emotional distress; she has incurred medical expenses and is reasonably certain to incur medical expenses in the future; and she will lose wages and benefits; all to her damage.

WHEREFORE, Plaintiff Noel Lucero requests judgment on Count II of this Petition against Defendant BNSF Railway Company, in a sum which is fair and reasonable in excess of Twenty-Five Thousand Dollars ($25,000), plus costs of suit and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT III –NEGLIGENCE
### (Plaintiff Sherri Schwanz v. Defendant BNSF Railway Company)

38.     Plaintiff realleges and incorporates by reference paragraphs 1-31 as if fully set forth herein.

39.     Plaintiff was a passenger of a train that entered and/or otherwise utilized the property of Defendant BNSF and BNSF therefore owed Plaintiff a duty of care. The collision and resulting injuries to Plaintiff Sherri Schwanz were the direct result of one or more of the following acts of negligence by BNSF, both directly and vicariously through its agents and/or employees:

a.     It failed to adequately construct, inspect and/or maintain the subject crossing, including the track, margins of the track, and the roadways intersecting and/or adjacent to the track, as required by R.S.Mo. § 389.610, constituting negligence per se;

12

Electronically Filed - Chariton - July 01, 2022 - 12:29 PM

b. it failed to adequately construct, inspect, and/or maintain the subject crossing in accordance with the requirements of Mo. Code Regs. title 7 § 265-8.130, including the crossing geometry requirements contained therein and line of sight angles, constituting negligence per se;

c. it failed to construct, inspect and/or maintain the subject crossing in accordance with industry standards set forth in the Manual on Uniform Traffic Control Devices for Streets and Highways and Part 8 of the American Railway Engineering and Maintenance of Way Association's Guidelines for the Design, Construction or Reconstruction of Highway-Railway At-Grade Crossings;

d. it failed to construct and maintain the subject crossing in accordance with its own internal rules, policies, procedures, and guidelines;

e. it failed to install and/or implement necessary crossing safety improvements, including "lights and gates and roadway improvements," identified for the subject crossing in MoDOT's Missouri State Freight and Rail Plan (February 2022);

f. it unreasonably delayed in installing and/or implementing necessary crossing safety improvements, including "lights and gates and roadway improvements," identified for the subject crossing in MoDOT's Missouri State Freight and Rail Plan (February 2022);

g. it failed to adequately warn Amtrak, its crews and passengers, including Plaintiff of known safety hazards at the subject crossing, including from the recommendations for crossing safety improvements and safety complaints received in the weeks before the subject crossing collision;

h. It failed to adequately warn motorists of obstructed sight lines, steep grade, and loose gravel at the subject crossing;

i. it failed to issue a slow order at the subject crossing, even after receiving safety complaints and recommendations for necessary crossing safety improvements identified for the subject crossing in MoDOT's Missouri State Freight and Rail Plan (February 2022);

j. it failed to install track sensing devices to warn train crews of vehicles and obstructions on crossings, as recommended by the NTSB;

k. it failed to erect and maintain proper and adequate crossing protection and warning devices, including but not limited to advanced warning signs, at the subject crossing to warn motorists of an oncoming train;

Electronically Filed - Chariton - July 01, 2022 - 12:29 PM

l.      it failed to install and/or implement adequate warning devices at the subject crossing, including automatic gates and/or flight light signals, in accordance with the requirements of 49 C.F.R. § 646.214, constituting negligence per se;

m.      it violated 49 CFR § 213.37 and/or R.S.Mo. § 389.665 by failing to control vegetation alongside the tracks and by the impaired vision at or near the subject crossing, constituting negligence per se; and

n.      it maintained an unreasonably dangerous crossing, in light of a combination of known hazards including the high track speed limit, steep grade/incline of intersection roadways, loose gravel, angle of intersection, drop-offs on the sides of the roadways, and vegetation in the area; and

o.      it failed to properly maintain the crossing by allowing loose gravel to accumulate, thereby slowing approaching vehicles as they traveled through the crossing.

40.     As a direct result of one or more of the foregoing negligent acts or omissions, Plaintiff Sherri Schwanz sustained injuries to her head, back, and jaw; she has experienced and will continue to experience physical pain and emotional distress; she has incurred medical expenses and is reasonably certain to incur medical expenses in the future; and she will lose wages and benefits; all to her damage.

WHEREFORE, Plaintiff Sherri Schwanz requests judgment on Count III of this Petition against Defendant BNSF Railway Company, in a sum which is fair and reasonable in excess of Twenty-Five Thousand Dollars ($25,000), plus costs of suit and for such other and further relief as this Court deems just and proper under the circumstances.

### COUNT IV –NEGLIGENCE
### (Plaintiff Kimberly Howard v. Defendant BNSF Railway Company)

41.     Plaintiff realleges and incorporates by reference paragraphs 1-31 as if fully set forth herein.

42.     Plaintiff was a passenger of a train that entered and/or otherwise utilized the property of Defendant BNSF and BNSF therefore owed Plaintiff a duty of care. The collision

Electronically Filed - Chariton - July 01, 2022 - 12:29 PM

and resulting injuries to Plaintiff Kimberly Howard were the direct result of one or more of the

following acts of negligence by BNSF, both directly and vicariously through its agents and/or

employees:

a.   It failed to adequately construct, inspect and/or maintain the subject crossing, including the track, margins of the track, and the roadways intersecting and/or adjacent to the track, as required by R.S.Mo. § 389.610, constituting negligence per se;

b.   it failed to adequately construct, inspect, and/or maintain the subject crossing in accordance with the requirements of Mo. Code Regs. title 7 § 265-8.130, including the crossing geometry requirements contained therein and line of sight angles, constituting negligence per se;

c.   it failed to construct, inspect and/or maintain the subject crossing in accordance with industry standards set forth in the Manual on Uniform Traffic Control Devices for Streets and Highways and Part 8 of the American Railway Engineering and Maintenance of Way Association's Guidelines for the Design, Construction or Reconstruction of Highway-Railway At-Grade Crossings;

d.   it failed to construct and maintain the subject crossing in accordance with its own internal rules, policies, procedures, and guidelines;

e.   it failed to install and/or implement necessary crossing safety improvements, including "lights and gates and roadway improvements," identified for the subject crossing in MoDOT's Missouri State Freight and Rail Plan (February 2022);

f.   it unreasonably delayed in installing and/or implementing necessary crossing safety improvements, including "lights and gates and roadway improvements," identified for the subject crossing in MoDOT's Missouri State Freight and Rail Plan (February 2022);

g.   it failed to adequately warn Amtrak, its crews and passengers, including Plaintiff of known safety hazards at the subject crossing, including from the recommendations for crossing safety improvements and safety complaints received in the weeks before the subject crossing collision;

h.   It failed to adequately warn motorists of obstructed sight lines, steep grade, and loose gravel at the subject crossing;

i.   it failed to issue a slow order at the subject crossing, even after receiving safety complaints and recommendations for necessary crossing safety

Electronically Filed - Chariton - July 01, 2022 - 12:29 PM

improvements identified for the subject crossing in MoDOT's Missouri State Freight and Rail Plan (February 2022);

j.   it failed to install track sensing devices to warn train crews of vehicles and obstructions on crossings, as recommended by the NTSB;

k.   it failed to erect and maintain proper and adequate crossing protection and warning devices, including but not limited to advanced warning signs, at the subject crossing to warn motorists of an oncoming train;

l.   it failed to install and/or implement adequate warning devices at the subject crossing, including automatic gates and/or flight light signals, in accordance with the requirements of 49 C.F.R. § 646.214, constituting negligence per se;

m.   it violated 49 CFR § 213.37 and/or R.S.Mo. § 389.665 by failing to control vegetation and by the impaired vision alongside the tracks at or near the subject crossing, constituting negligence per se; and

n.   it maintained an unreasonably dangerous crossing, in light of a combination of known hazards including the high track speed limit, steep grade/incline of intersection roadways, loose gravel, angle of intersection, drop-offs on the sides of the roadways, and vegetation in the area; and

o.   it failed to properly maintain the crossing by allowing loose gravel to accumulate, thereby slowing approaching vehicles as they traveled through the crossing.

43.   As a direct result of one or more of the foregoing negligent acts or omissions, Plaintiff Kimberly Howard sustained injuries to her head; she has experienced and will continue to experience physical pain and emotional distress; she has incurred medical expenses and is reasonably certain to incur medical expenses in the future; and she will lose wages and benefits; all to her damage.

WHEREFORE, Plaintiff Kimberly Howard requests judgment on Count IV of this Petition against Defendant BNSF Railway Company, in a sum which is fair and reasonable in excess of Twenty-Five Thousand Dollars ($25,000), plus costs of suit and for such other and further relief as this Court deems just and proper under the circumstances.

Electronically Filed - Chariton - July 01, 2022 - 12:29 PM

## COUNT V – PUNITIVE DAMAGES
### (Plaintiffs v. Defendant BNSF Railway company)

44.     Plaintiff realleges and incorporates by reference paragraphs 1-43 as if fully set forth herein.

45.     BNSF's conduct was willful and wanton, done with reckless indifference and/or conscious disregard for the safety of Plaintiffs and others, both directly and vicariously through its agents and/or employees, in that it knew of the unreasonably dangerous condition of the subject crossing for years and failed to take any action to reduce or eliminate the local hazards which had been the subject of numerous safety complaints and state action.

46.     Based on the facts alleged herein, BNSF knew or should have known that its conduct and/or omissions would naturally or probably result in injuries to Plaintiffs and that it continued such conduct and/or omissions in reckless indifference and/or conscious disregard for the safety of Plaintiffs and others.

WHEREFORE, Plaintiffs Allen Gallaway, Noel Lucero, Sherri Schwanz, and Kimberly Howard request judgment on Count V of this Petition against Defendant BNSF Railway Company, in a sum sufficient to punish BNSF and deter others from similar conduct, plus costs of suit and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT VI - NEGLIGENCE
### (Plaintiff Allen Gallaway v. Defendant MS Contracting, LLC and Michael Sattman)

47.     Plaintiff realleges and incorporates by reference paragraphs 1-31 as if fully set forth herein.

48.     MS Contracting and Michael Sattman owed a duty of reasonable care in the hiring, training and supervision of its employees, including the driver of the aforementioned

17

Electronically Filed - Chariton - July 01, 2022 - 12:29 PM

dump truck, and are vicariously liable for the negligence of their driver of the aforementioned dump truck who was working in the course of his employment.

49.     The collision and resulting injuries to Plaintiff Gallaway were the direct result of one or more of the following acts of negligence by MS Contracting and Michael Sattman, both directly and vicariously through their agent, driver and/or employee:

a.      it failed to operate its dump truck with reasonable care;

b.      it failed to keep a careful and proper lookout for oncoming trains or other traffic;

c.      it failed to ensure that its dump truck would clear the crossing;

d.      it failed to yield the right-of-way to an oncoming train;

e.      it failed to look and listen for trains as the vehicle approached the railroad grade crossing;

f.      it failed to heed audible signals given of the train's approach to the crossing, including the repeated sounding of the train's horn;

g.      they failed to adequately train and supervise their driver;

h.      they negligently entrusted their driver to drive one of their dump trucks and/or entrusted U.S.D.O.T. authority to a driver which they knew or should have known was unqualified by training and experience;

i.      they failed to adequately test their drivers, to ensure they were competent;

j.      they failed to have an adequate fleet and driver safety program; and

k.      they violated Missouri statutes, including R.S.Mo. § 300.140 (Obedience to traffic control devices) and § 300.295 (Obedience to signal indicating approach of train), constituting negligence per se.

50.     As a direct result of one or more of the foregoing negligent acts or omissions, Plaintiff Gallaway sustained injuries to his neck, head, and right arm; he has experienced and will continue to experience physical pain and emotional distress; he has incurred medical

Electronically Filed - Chariton - July 01, 2022 - 12:29 PM

expenses and is reasonably certain to incur medical expenses in the future; and he will lose

wages and benefits; all to his damage.

WHEREFORE, Plaintiff Allen Gallaway requests judgment on Count VI of this Petition

against Defendant MS Contracting, LLC, and Michael Sattman in a sum which is fair and

reasonable in excess of Twenty-Five Thousand Dollars ($25,000), plus costs of suit and for such

other and further relief as this Court deems just and proper under the circumstances.

**COUNT VII - NEGLIGENCE**
**(Plaintiff Noel Lucero v. Defendant MS Contracting, LLC, and Michael Sattman)**

51.     Plaintiff realleges and incorporates by reference paragraphs 1-31 as if fully set

forth herein.

52.     MS Contracting and Michael Sattman owed a duty of reasonable care in the

hiring, training and supervision of its employees, including the driver of the aforementioned

dump truck, and are vicariously liable for the negligence of their driver of the aforementioned

dump truck who was working in the course of his employment.

53.     The collision and resulting injuries to Plaintiff Noel Lucero were the direct result

of one or more of the following acts of negligence by MS Contracting and Michael Sattman,

both directly and vicariously through their agent, driver and/or employee:

a.      it failed to operate its dump truck with reasonable care;

b.      it failed to keep a careful and proper lookout for oncoming trains or other
        traffic;

c.      it failed to ensure that its dump truck would clear the crossing;

d.      it failed to yield the right-of-way to an oncoming train;

e.      it failed to look and listen for trains as the vehicle approached the railroad
        grade crossing;

f.      it failed to heed audible signals given of the train's approach to the

Electronically Filed - Chariton - July 01, 2022 - 12:29 PM

crossing, including the repeated sounding of the train's horn;

g.    they failed to adequately train and supervise their driver;

h.    they negligently entrusted their driver to drive one of their dump trucks and/or entrusted U.S.D.O.T. authority to a driver which they knew or should have known was unqualified by training and experience;

i.    they failed to adequately test their drivers, to ensure they were competent;

j.    they failed to have an adequate fleet and driver safety program; and

k.    they violated Missouri statutes, including R.S.Mo. § 300.140 (Obedience to traffic control devices) and § 300.295 (Obedience to signal indicating approach of train), constituting negligence per se.

54.    As a direct result of one or more of the foregoing negligent acts or omissions, Plaintiff Noel Lucero sustained injuries to her head, back, right hand, right leg, right arm, right hip, and torso; she has experienced and will continue to experience physical pain and emotional distress; she has incurred medical expenses and is reasonably certain to incur medical expenses in the future; and she will lose wages and benefits; all to her damage.

WHEREFORE, Plaintiff Noel Lucero requests judgment on Count VII of this Petition against Defendant MS Contracting, LLC, and Michael Sattman in a sum which is fair and reasonable in excess of Twenty-Five Thousand Dollars ($25,000), plus costs of suit and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT VIII - NEGLIGENCE
### (Plaintiff Sherri Schwanz v. Defendant MS Contracting, LLC, and Michael Sattman)

55.    Plaintiff realleges and incorporates by reference paragraphs 1-31 as if fully set forth herein.

56.    MS Contracting and Michael Sattman owed a duty of reasonable care in the hiring, training and supervision of its employees, including the driver of the aforementioned dump truck, and are vicariously liable for the negligence of their driver of the aforementioned

Electronically Filed - Chariton - July 01, 2022 - 12:29 PM

dump truck who was working in the course of his employment.

57.     The collision and resulting injuries to Plaintiff Sherri Schwanz were the direct result of one or more of the following acts of negligence by MS Contracting and Michael Sattman, both directly and vicariously through their agent, driver and/or employee:

a.     it failed to operate its dump truck with reasonable care;

b.     it failed to keep a careful and proper lookout for oncoming trains or other traffic;

c.     it failed to ensure that its dump truck would clear the crossing;

d.     it failed to yield the right-of-way to an oncoming train;

e.     it failed to look and listen for trains as the vehicle approached the railroad grade crossing;

f.     it failed to heed audible signals given of the train's approach to the crossing, including the repeated sounding of the train's horn;

g.     they failed to adequately train and supervise their driver;

h.     they negligently entrusted their driver to drive one of their dump trucks and/or entrusted U.S.D.O.T. authority to a driver which they knew or should have known was unqualified by training and experience;

i.     they failed to adequately test their drivers, to ensure they were competent;

j.     they failed to have an adequate fleet and driver safety program; and

k.     they violated Missouri statutes, including R.S.Mo. § 300.140 (Obedience to traffic control devices) and § 300.295 (Obedience to signal indicating approach of train), constituting negligence per se.

58.     As a direct result of one or more of the foregoing negligent acts or omissions, Plaintiff Sherri Schwanz sustained injuries to her head, back, and jaw; she has experienced and will continue to experience physical pain and emotional distress; she has incurred medical expenses and is reasonably certain to incur medical expenses in the future; and she will lose wages and benefits; all to her damage.

Electronically Filed - Chariton - July 01, 2022 - 12:29 PM

WHEREFORE, Plaintiff Sherri Schwanz requests judgment on Count VIII of this Complaint against Defendant MS Contracting, LLC, and Michael Sattman in a sum which is fair and reasonable in excess of Twenty-Five Thousand Dollars ($25,000), plus costs of suit and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT IX - NEGLIGENCE
**(Plaintiff Kimberly Howard v. Defendant MS Contracting, LLC and Michael Sattman)**

59.     Plaintiff realleges and incorporates by reference paragraphs 1-31 as if fully set forth herein.

60.     MS Contracting and Michael Sattman owed a duty of reasonable care in the hiring, training and supervision of its employees, including the driver of the aforementioned dump truck, and are vicariously liable for the negligence of their driver of the aforementioned dump truck who was working in the course of his employment.

61.     The collision and resulting injuries to Kimberly Howard were the direct result of one or more of the following acts of negligence by MS Contracting and Michael Sattman, both directly and vicariously through their agent, driver and/or employee:

      a.     it failed to operate its dump truck with reasonable care;

      b.     it failed to keep a careful and proper lookout for oncoming trains or other traffic;

      c.     it failed to ensure that its dump truck would clear the crossing;

      d.     it failed to yield the right-of-way to an oncoming train;

      e.     it failed to look and listen for trains as the vehicle approached the railroad grade crossing;

      f.     it failed to heed audible signals given of the train's approach to the crossing, including the repeated sounding of the train's horn;

      g.     they failed to adequately train and supervise their driver;

Electronically Filed - Chariton - July 01, 2022 - 12:29 PM

h.      they negligently entrusted their driver to drive one of their dump trucks and/or entrusted U.S.D.O.T. authority to a driver which they knew or should have known was unqualified by training and experience;

i.      they failed to adequately test their drivers, to ensure they were competent;

j.      they failed to have an adequate fleet and driver safety program; and

k.      they violated Missouri statutes, including R.S.Mo. § 300.140 (Obedience to traffic control devices) and § 300.295 (Obedience to signal indicating approach of train), constituting negligence per se.

62.     As a direct result of one or more of the foregoing negligent acts or omissions, Plaintiff Howard sustained injuries to her head, including a traumatic brain injury; she has experienced and will continue to experience physical pain and emotional distress; she has incurred medical expenses and is reasonably certain to incur medical expenses in the future; and she will lose wages and benefits; all to his damage.

WHEREFORE, Plaintiff Kimberly Howard requests judgment on Count IX of this Petition against Defendant MS Contracting, LLC, and Michael Sattman in a sum which is fair and reasonable in excess of Twenty-Five Thousand Dollars ($25,000), plus costs of suit and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT X – NEGLIGENCE
### (Plaintiff Allen Gallaway v. Defendant Amtrak)

63.     Plaintiff realleges and incorporates by reference paragraphs 1-31 as if fully set forth herein.

64.     At all times relevant, Defendant Amtrak was a common carrier by railroad engaged in interstate commerce through and between the several states, and Plaintiff Gallaway was a passenger of Defendant's train, and therefore, Defendant owed Plaintiff a duty of care.

65.     Plaintiff Gallaway's injuries were caused, in whole or in part, by one or more of the following acts of negligence by Defendant Amtrak and/or its agents and employees:

Electronically Filed - Chariton - July 01, 2022 - 12:29 PM

a.  it failed to provide Plaintiff Gallaway with reasonably safe conditions, including but not limited to failing to maintain trackside vegetation so that it did not create a safety hazard for trains, and removing such vegetation when it did become a safety hazard and/or implement slow orders in light of the specific local hazard until the subject vegetation was removed;

b.  it failed to adequately warn Plaintiff Gallaway of the dangerous subject crossing;

c.  it failed to provide a safe field of vision or line of sight of the subject crossing, in light of the speed in which it was traveling, and the grade, slope, and nearby vegetation by the subject crossing, which created specific local safety hazards;

d.  it failed to implement a slow order approaching the subject crossing, in light of the grade, slope, and nearby vegetation by the subject crossing, as well as the poor line of sight, obstructions, and documented need for safety improvements at the crossing;

e.  it violated 49 CFR § 213.37 and/or R.S.Mo. § 389.665 by failing to control vegetation and by the impaired vision alongside the tracks at or near the subject crossing, constituting negligence per se;

f.  it failed to adequately warn its passengers of known safety hazards at the subject crossing, including recommendations for crossing safety improvements and safety complaints received in the weeks before the subject crossing collision, and failed to have a policy requiring that passengers be warned of the need to sit down and hold on approaching this crossing;

g.  it failed to ensure that the subject crossing was adequately constructed and/or maintained in accordance with the requirements of Mo. Code Regs. title 7 § 265-8.130, constituting negligence per se;

h.  it failed to issue a slow order at the subject crossing, even after receiving safety complaints and recommendations for necessary crossing safety improvements identified for the subject crossing by MoDOT for the subject crossing in July 2021 and again in February 2022; and

i.  it failed to warn Plaintiff of an approaching dangerous condition at the crossing.

66.  As a direct result of one or more of the foregoing negligent acts or omissions,

Plaintiff Gallaway sustained injuries to his neck, head, and right arm; he has experienced and

Electronically Filed - Chariton - July 01, 2022 - 12:29 PM

will continue to experience physical pain and emotional distress; he has incurred medical

expenses and is reasonably certain to incur medical expenses in the future; and he will lose

wages and benefits; all to his damage.

WHEREFORE, Plaintiff Allen Gallaway requests judgment on Count X of this Petition

against Defendant Amtrak, in a sum which is fair and reasonable in excess of Twenty-Five

Thousand Dollars ($25,000), plus costs of suit and for such other and further relief as this Court

deems just and proper under the circumstances.

**COUNT XI – NEGLIGENCE**
**(Plaintiff Noel Lucero v. Defendant Amtrak)**

67.     Plaintiff realleges and incorporates by reference paragraphs 1-31 as if fully set

forth herein.

68.     At all times relevant, Defendant Amtrak was a common carrier by railroad

engaged in interstate commerce through and between the several states, and Plaintiff Lucero was

a passenger of Defendant's train, and therefore, Defendant owed Plaintiff a duty of care.

69.     Plaintiff Lucero's injuries were caused, in whole or in part, by one or more of

the following acts of negligence by Defendant Amtrak and/or its agents and employees:

a.     it failed to provide Plaintiff Lucero with reasonably safe conditions, including but not limited to failing to maintain trackside vegetation so that it did not create a safety hazard for trains, and removing such vegetation when it did become a safety hazard and/or to implement slow orders in light of the specific local hazard until the subject vegetation was removed;

b.     it failed to adequately warn Plaintiff Lucero of the dangerous subject crossing;

c.     it failed to provide a safe field of vision or line of sight of the subject crossing, in light of the speed in which it was traveling, and the grade, slope, and nearby vegetation by the subject crossing, which created specific local safety hazards;

25

Electronically Filed - Chariton - July 01, 2022 - 12:29 PM

d.      it failed to implement a slow order approaching the subject crossing, in light of the grade, slope, and nearby vegetation by the subject crossing, as well as the poor line of sight, obstructions, and documented need for safety improvements at the crossing;

e.      it violated 49 CFR § 213.37 and/or R.S.Mo. § 389.665 by failing to control vegetation and by the impaired vision alongside the tracks at or near the subject crossing, constituting negligence per se;

f.      it failed to adequately warn its passengers of known safety hazards at the subject crossing, including recommendations for crossing safety improvements and safety complaints received in the weeks before the subject crossing collision, and failed to have a policy requiring that passengers be warned of the need to sit down and hold on approaching this crossing;

g.      it failed to ensure that the subject crossing was adequately constructed and/or maintained in accordance with the requirements of Mo. Code Regs. title 7 § 265-8.130, constituting negligence per se;

h.      it failed to issue a slow order at the subject crossing, even after receiving safety complaints and recommendations for necessary crossing safety improvements identified by MoDOT for the subject crossing in July 2021 and again in February 2022; and

i.      it failed to warn Plaintiff of an approaching dangerous condition at the crossing.

70.     As a direct result of one or more of the foregoing negligent acts or omissions, Plaintiff Noel Lucero sustained injuries to her head, back, right hand, right leg, right arm, right hip, and torso; she has experienced and will continue to experience physical pain and emotional distress; she has incurred medical expenses and is reasonably certain to incur medical expenses in the future; and she will lose wages and benefits; all to her damage.

WHEREFORE, Plaintiff Noel Lucero requests judgment on Count XI of this Petition against Defendant Amtrak, in a sum which is fair and reasonable in excess of Twenty-Five Thousand Dollars ($25,000), plus costs of suit and for such other and further relief as this Court deems just and proper under the circumstances.

Electronically Filed - Chariton - July 01, 2022 - 12:29 PM

## COUNT XII – NEGLIGENCE
### (Plaintiff Sherri Schwanz v. Defendant Amtrak)

71.     Plaintiff realleges and incorporates by reference paragraphs 1-31 as if fully set forth herein.

72.     At all times relevant, Defendant Amtrak was a common carrier by railroad engaged in interstate commerce through and between the several states, and Plaintiff Schwanz was a passenger of Defendant's train, and therefore, Defendant owed Plaintiff a duty of care.

73.     Plaintiff Schwanz's injuries were caused, in whole or in part, by one or more of the following acts of negligence by Defendant Amtrak and/or its agents and employees:

a.     it failed to provide Plaintiff Schwanz with reasonably safe conditions, including but not limited to failing to maintain trackside vegetation so that it did not create a safety hazard for trains, and removing such vegetation when it did become a safety hazard and/or implement slow orders in light of the specific local hazard until the subject vegetation was removed;

b.     it failed to adequately warn Plaintiff Schwanz of the dangerous subject crossing;

c.     it failed to provide a safe field of vision or line of sight of the subject crossing, in light of the speed in which it was traveling, and the grade, slope, and nearby vegetation by the subject crossing, which created specific local safety hazards;

d.     it failed to implement a slow order approaching the subject crossing, in light of the grade, slope, and nearby vegetation by the subject crossing, as well as the poor line of sight, obstructions, and documented need for safety improvements at the crossing;

e.     it violated 49 CFR § 213.37 and/or R.S.Mo. § 389.665 by failing to control vegetation and by the impaired vision alongside the tracks at or near the subject crossing, constituting negligence per se;

f.     it failed to adequately warn its passengers of known safety hazards at the subject crossing, including recommendations for crossing safety improvements and safety complaints received in the weeks before the subject crossing collision, and failed to have a policy requiring that passengers be warned of the need to sit down and hold on approaching this crossing;

27

Electronically Filed - Chariton - July 01, 2022 - 12:29 PM

g.      it failed to ensure that the subject crossing was adequately constructed and/or maintained in accordance with the requirements of Mo. Code Regs. title 7 § 265-8.130, constituting negligence per se;

h.      it failed to issue a slow order at the subject crossing, even after receiving safety complaints and recommendations for necessary crossing safety improvements identified by MoDOT for the subject crossing in July 2021 and again in February 2022; and

i.      it failed to warn Plaintiff of an approaching dangerous condition at the crossing.

74.     As a direct result of one or more of the foregoing negligent acts or omissions, Plaintiff Sherri Schwanz sustained injuries to her head, back, and jaw; she has experienced and will continue to experience physical pain and emotional distress; she has incurred medical expenses and is reasonably certain to incur medical expenses in the future; and she will lose wages and benefits; all to her damage.

WHEREFORE, Plaintiff Sherri Schwanz requests judgment on Count XII of this Petition against Defendant Amtrak, in a sum which is fair and reasonable in excess of Twenty-Five Thousand Dollars ($25,000), plus costs of suit and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT XIII – NEGLIGENCE
### (Plaintiff Kimberly Howard v. Defendant Amtrak)

75.     Plaintiff realleges and incorporates by reference paragraphs 1-31 as if fully set forth herein.

76.     At all times relevant, Defendant Amtrak was a common carrier by railroad engaged in interstate commerce through and between the several states, and Plaintiff Howard was a passenger of Defendant's train, and therefore, Defendant owed Plaintiff a duty of care.

Electronically Filed - Chariton - July 01, 2022 - 12:29 PM

77.     Plaintiff Howard's injuries were caused, in whole or in part, by one or more of the

following acts of negligence by Defendant Amtrak and/or its agents and employees:

a.     it failed to provide Plaintiff Schwanz with reasonably safe conditions,
including but not limited to failing to maintain trackside vegetation so that
it did not create a safety hazard for trains, and removing such vegetation
when it did become a safety hazard and/or implement slow orders in light
of the specific local hazard until the subject vegetation was removed;

b.     it failed to adequately warn Plaintiff Schwanz of the dangerous subject
crossing;

c.     it failed to provide a safe field of vision or line of sight of the subject
crossing, in light of the speed in which it was traveling, and the grade,
slope, and nearby vegetation by the subject crossing, which created
specific local safety hazards;

d.     it failed to implement a slow order approaching the subject crossing, in
light of the grade, slope, and nearby vegetation by the subject crossing, as
well as the poor line of sight, obstructions, and documented need for
safety improvements at the crossing;

e.     it violated 49 CFR § 213.37 and/or R.S.Mo. § 389.665 by failing to
control vegetation and by the impaired vision alongside the tracks at or
near the subject crossing, constituting negligence per se;

f.     it failed to adequately warn its passengers of known safety hazards at the
subject crossing, including recommendations for crossing safety
improvements and safety complaints received in the weeks before the
subject crossing collision, and failed to have a policy requiring that
passengers be warned of the need to sit down and hold on approaching this
crossing;

g.     it failed to ensure that the subject crossing was adequately constructed
and/or maintained in accordance with the requirements of Mo. Code Regs.
title 7 § 265-8.130, constituting negligence per se;

h.     it failed to issue a slow order at the subject crossing, even after receiving
safety complaints and recommendations for necessary crossing safety
improvements identified by MoDOT for the subject crossing in July 2021
and again in February 2022; and

i.     it failed to warn Plaintiff of an approaching dangerous condition at the
crossing.

Electronically Filed - Chariton - July 01, 2022 - 12:29 PM

78.     As a direct result of one or more of the foregoing negligent acts or omissions,

Plaintiff Howard sustained injuries to her head, including a traumatic brain injury; she has

experienced and will continue to experience physical pain and emotional distress; she has

incurred medical expenses and is reasonably certain to incur medical expenses in the future; and

she will lose wages and benefits; all to his damage.

WHEREFORE, Plaintiff Kimberly Howard requests judgment on Count XIII of this

Petition against Defendant Amtrak, in a sum which is fair and reasonable in excess of Twenty-

Five Thousand Dollars ($25,000), plus costs of suit and for such other and further relief as this

Court deems just and proper under the circumstances.

### COUNT XIV – PUNITIVE DAMAGES
### (Plaintiffs v. Defendant Amtrak)

79.     Plaintiff realleges and incorporates by reference paragraphs 1-31 and 63-78 as if

fully set forth herein.

80.     Amtrak's conduct was willful and wanton, done with reckless indifference and/or

conscious disregard for the safety of Plaintiffs and others, both directly and vicariously through

its agents and/or employees, in that it knew of the unreasonably dangerous condition of the

subject crossing for years and failed to take any action to reduce or eliminate the local hazards

which had been the subject of numerous safety complaints and state action, and had a deliberate

policy of failing to warn passengers to sit down and hold on approaching this crossing or

reducing speed, in reckless disregard of the safety of passengers.

81.     Based on the facts alleged herein, Amtrak knew or should have known that its

conduct and/or omissions would result in injuries to Plaintiffs and that it continued such conduct

and/or omissions in reckless indifference and/or conscious disregard for the safety of Plaintiffs

and others.

Electronically Filed - Chariton - July 01, 2022 - 12:29 PM

WHEREFORE, Plaintiffs Allen Gallaway, Noel Lucero, Sherri Schwanz, and Kimberly Howard request judgment on Count XIV of this Petition against Defendant Amtrak, in a sum sufficient to punish Amtrak and deter others from similar conduct, plus costs of suit and for such other and further relief as this Court deems just and proper under the circumstances.

**PLAINTIFFS DEMAND TRIAL BY JURY**

SCHLICHTER BOGARD & DENTON, LLP

/s/ Jerome J. Schlichter
Jerome J. Schlichter, #32225
Nelson G. Wolff, #40796
Jon S. Jones, #71024
100 South Fourth Street, Suite 1200
St. Louis, Missouri 63102
(314) 621-6115
(314) 621-7151 (fax)
jschlichter@uselaws.com
nwolff@uselaws.com
jjones@uselaws.com
*Attorneys for Plaintiff*

Electronically Filed - Chariton - July 01, 2022 - 03:05 PM

**IN THE CIRCUIT COURT OF
CHARITON COUNTY, MISSOURI**

| | |
|---|---|
| ALLEN GALLAWAY,<br>NOEL LUCERO,<br>SHERRI SCHWANZ, and<br>KIMBERLY HOWARD<br><br>    Plaintiffs,<br><br>v.<br><br>BNSF RAILWAY COMPANY,<br>MS CONTRACTING, LLC,<br>MICHAEL SATTMAN, and<br>NATIONAL RAILROAD PASSENGER<br>CORPORATION D/B/A AMTRAK;<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No.:  22CH-CC00018 |

## MOTION TO APPOINT SPECIAL PROCESS SERVERS

Plaintiffs, by and through counsel Schlichter Bogard & Denton, LLP, move the Court for the appointment of special process servers as follows:

- Dwight McNeil, Midwest Intelligence, P.O. Box 37, Ozark, MO 65721, for service upon Defendant BNSF Railway Company;

- Carrie Pheiffer, Tom Skinner & Associates, 29699 Jackpot Street, Jacksonville, MO 65260, for service upon Defendants MS Contracting, LLC and Michael Sattman; and

- Joseph Koniowsky, Torri's Legal Services, 2021 L St. NW, Suite 101-252, Washington, DC 20036, for service upon National Railroad Passenger Corporation D/B/A Amtrak.

In support of this motion Plaintiffs state that granting this motion will serve the interests of justice and will expedite the prosecution of this lawsuit.

Electronically Filed - Chariton - July 01, 2022 - 03:05 PM

Dated: July 1, 2022                    SCHLICHTER BOGARD & DENTON, LLP

                                       /s/ Jerry J. Schlichter
                                       Jerry J. Schlichter, #32225
                                       Nelson G. Wolff, #40796
                                       Jon S. Jones, #71024
                                       100 South Fourth Street, Suite 1200
                                       St. Louis, Missouri 63102
                                       (314) 621-6115
                                       (314) 621-7151 (fax)
                                       jschlichter@uselaws.com
                                       nwolff@uselaws.com
                                       jjones@uselaws.com
                                       *Attorneys for Plaintiff*

Electronically Filed - Chariton - July 01, 2022 - 03:05 PM

**IN THE CIRCUIT COURT OF**
**CHARITON COUNTY, MISSOURI**

| | | |
|---|---|---|
| ALLEN GALLAWAY, | ) | |
| NOEL LUCERO, | ) | |
| SHERRI SCHWANZ, and | ) | |
| KIMBERLY HOWARD | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | Case No.:  22CH-CC00018 |
| v. | ) | |
| | ) | |
| BNSF RAILWAY COMPANY, | ) | |
| MS CONTRACTING, LLC, | ) | |
| MICHAEL SATTMAN, and | ) | |
| NATIONAL RAILROAD PASSENGER | ) | |
| CORPORATION D/B/A AMTRAK; | ) | |
| | ) | |
|     Defendants. | ) | |

## ORDER APPOINTING SPECIAL PROCESS SERVERS

The Court, having considered the Motion for the Appointment of Special Process Servers

submitted by Plaintiffs, hereby orders the appointment of special process servers as follows:

- Dwight McNeil, Midwest Intelligence, P.O. Box 37, Ozark, MO 65721, for service

   upon Defendant BNSF Railway Company;

- Carrie Pheiffer, Tom Skinner & Associates, 29699 Jackpot Street, Jacksonville, MO

   65260, for service upon Defendants MS Contracting, LLC and Michael Sattman; and

- Joseph Koniowsky, Torri's Legal Services, 2021 L St. NW, Suite 101-252,

   Washington, DC 20036, for service upon National Railroad Passenger Corporation

   D/B/A Amtrak.

DATE:_____

_____
JUDGE



# IN THE 9TH JUDICIAL CIRCUIT, CHARITON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>TERRY ALAN TSCHANNEN | Case Number:  22CH-CC00018 |
| Plaintiff/Petitioner:<br>ALLEN GALLAWAY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JEROME J SCHLICHTER<br>SUITE 900<br>100 S 4TH STREET<br>ST LOUIS, MO 63102-1800 |
| Defendant/Respondent:<br> BNSF RAILWAY COMPANY | Court Address:<br>CHARITON COUNTY COURTHOUSE<br>306 S CHERRY<br>KEYTESVILLE, MO 65261 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  **NATIONAL RAILROAD PASSENGER CORPORATION, D/B/A AMTRAK**
                            **Alias:**

C/O CT CORPORATION
1015 15TH ST NW, STE 1000
WASHINGTON, DC 20005



COURT SEAL OF

CHARITON COUNTY

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

_July 1, 2022_                     _Brittany Perkins_
Date                                     Clerk

Further Information: _____

## Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
       Printed Name of Sheriff or Server                          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                      Date                              Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $    10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 9TH JUDICIAL CIRCUIT, CHARITON COUNTY, MISSOURI

| Judge or Division:<br>TERRY ALAN TSCHANNEN | Case Number:  22CH-CC00018 |
|---|---|
| Plaintiff/Petitioner:<br>ALLEN GALLAWAY | Plaintiff's/Petitioner's Attorney/Address<br>JEROME J SCHLICHTER<br>SUITE 900<br>100 S 4TH STREET |
| vs. | ST LOUIS, MO 63102-1800 |
| Defendant/Respondent:<br> BNSF RAILWAY COMPANY | Court Address:<br>CHARITON COUNTY COURTHOUSE<br>306 S CHERRY |
| Nature of Suit:<br>CC Pers Injury-Other | KEYTESVILLE, MO  65261 |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  BNSF RAILWAY COMPANY
                      Alias:

C/O JEFFERY LANEY
2135 E. SUNSHINE ST., STE 203
SPRINGFIELD, MO  65804

*COURT SEAL OF*

**CHARITON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_July 1, 2022_          _Brittany Perkins_
       Date                                  Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
   Printed Name of Sheriff or Server                  Signature of Sheriff or Server

         **Must be sworn before a notary public if not served by an authorized officer:**

         Subscribed and sworn to before me on _____ (date).

*(Seal)*

         My commission expires: _____
                                   Date                         Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**IN THE 9TH JUDICIAL CIRCUIT, CHARITON COUNTY, MISSOURI**

| Judge or Division:<br>TERRY ALAN TSCHANNEN | Case Number:  22CH-CC00018 |
|---|---|
| Plaintiff/Petitioner:<br>ALLEN GALLAWAY | Plaintiff's/Petitioner's Attorney/Address<br>JEROME J SCHLICHTER<br>SUITE 900<br>100 S  4TH STREET |
| vs. | ST  LOUIS, MO 63102-1800 |
| Defendant/Respondent:<br> BNSF RAILWAY COMPANY | Court Address:<br>CHARITON COUNTY COURTHOUSE |
| Nature of Suit:<br>CC Pers Injury-Other | 306 S CHERRY<br>KEYTESVILLE, MO  65261 |
| | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:  MS CONTRACTING, LLC**
**Alias:**

C/O MICHAEL SATTMAN
25851 HWY M
BROOKFIELD, MO 64628

**COURT SEAL OF**

**CHARITON COUNTY**

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

_July 1, 2022_ _____   _Brittany Perkins_ _____
Date                                                           Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).

☐ other: _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server                            Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____        _____
Date                                Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $    10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



## IN THE 9TH JUDICIAL CIRCUIT, CHARITON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>TERRY ALAN TSCHANNEN | Case Number:  22CH-CC00018 |
| Plaintiff/Petitioner:<br>ALLEN GALLAWAY<br><br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JEROME J SCHLICHTER<br>SUITE 900<br>100 S 4TH STREET<br>ST LOUIS, MO 63102-1800 |
| Defendant/Respondent:<br> BNSF RAILWAY COMPANY | Court Address:<br>CHARITON COUNTY COURTHOUSE<br>306 S CHERRY |
| Nature of Suit:<br>CC Pers Injury-Other | KEYTESVILLE, MO 65261 |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **MICHAEL SATTMAN**
                       **Alias:**

**25851 HWY M**
**BROOKFIELD, MO 64628**

*COURT SEAL OF*

*CHARITON COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

_July 1, 2022_ _____       _Brittany Perkin_ _____
          Date                                    Clerk

Further Information: _____

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____        _____
                              Date                          Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $  10.00 _____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.